# EXHIBIT C

Exhibit C

Received and E-Filed for Record
8/13/2019 6:17 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Deven Maropis

CAUSE NO. _____
19-08-11013

| | | |
|---|---|---|
| **CALEB MARUTZKY,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **ALLSTATE TEXAS LLOYDS** | § | |
| | § | Montgomery County - 284th Judicial District Court |
| *Defendants.* | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Caleb Marutzky (hereinafter "Plaintiff"), by and through the undersigned counsel, files this *Plaintiff's Original Petition*, complaining of Allstate Texas Lloyds (hereinafter "Defendant"), and would respectfully show this Honorable Court the following:

## I.
## DISCOVERY PLAN

1.  Plaintiff intends discovery to be conducted under Level 2 of the Texas Rules of Civil Procedure, Rule 190.3.

## II.
## PARTIES

2.  Plaintiff is an individual that owns real property in Montgomery County, Texas.

3.  Defendant is an insurance company engaging in the business of insurance in the State of Texas.  Defendant may be served by serving its Registered Agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.  Service is hereby requested.

## III.
## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action because Plaintiff seeks damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another court.

5.     This Court has jurisdiction over Defendant because it engages in the business of insurance in Texas, and Plaintiff's causes of action arise out of Defendant's business activities in Texas.

6.     Venue is proper under Texas Civil Practice and Remedies Code § 15.001 *et. seq.* because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in Montgomery County, Texas.  Furthermore, venue is proper in Montgomery County, Texas under Texas Civil Practice and Remedies Code § 15.032 because the insured property is located in this county.

## IV.
## FACTUAL BACKGROUND

7.     Plaintiff purchased an insurance policy (hereinafter referred to as "the Policy") issued by Defendant which insures the Property against damages caused by hail, windstorm and other covered perils.

8.     During the effective policy period, Plaintiff owned and insured the property located at 7 Nila Grove Court, Conroe, TX 77385 (hereinafter referred to as "the Property").

9.     During the effective policy period, the Property described above sustained severe damages to the roof due to the direct force of wind.

10.    As a result, the inside of the Property sustained resulting damage from storm created openings in the roof.

11.    Plaintiff duly notified Defendant of the damage sustained and asked that Defendant pay for covered damages to the Property.

12.    Defendant then assigned Plaintiff Claim No. 0535130892 (hereinafter "the Claim").

13.    After its investigation, Defendant ultimately denied the claim in its entirety despite the existence of obvious and easily identifiable damages for which Defendant's liability for the extension of further coverage was reasonably clear.

14.    As set forth below, Defendant failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling Plaintiff's Claim by:

   a)    Wrongfully denying full coverage for Plaintiff's Claim even though the Policy provides coverage for losses such as those Plaintiff is claiming;

   b)    Underpaying Plaintiff's Claim by not providing full coverage for damages sustained to the Property;

   c)    Improperly and inadequately scoping the damages to the Property during Defendant's investigation; and

   d)    Continuing to delay in the payment of damages to the Property.

15.    Defendant breached its contractual obligation to Plaintiff by continuing to refuse to adequately compensate Plaintiff for the damage to the Property pursuant to the terms of the Policy.  Notably, Defendant refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in an amount sufficient to cover the damage to the Property was made.

16.    Plaintiff complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

17.     Defendant continues to delay in the payment of the damage to the Property despite Plaintiff's requests.  Accordingly, Plaintiff has still not been paid in full for the damages to the Property.

18.     As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain legal counsel to represent Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION

### BREACH OF CONTRACT

19.     Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

20.     Although Plaintiff fully cooperated with Defendant, and despite the fact that all conditions precedent to recovery have been performed, waived, excused, or otherwise satisfied, Defendant has failed and refused to pay to Plaintiff the benefits due under the Policy/contract of insurance in question, which was in full force and effect at the time of the damage that forms the basis of this lawsuit.

21.     Plaintiff has been required by the actions of Defendant to retain the services of undersigned counsel and has agreed to pay undersigned counsel reasonable attorney's fees.

22.     Defendant's breach proximately caused Plaintiff's injuries and damages.

### UNFAIR SETTLEMENT PRACTICES

23.     Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

24. Defendant violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices during the handling of the claim. All of Defendant's violations are actionable pursuant to TEX. INS. CODE § 541.151.

25. Defendant engaged in the following unfair settlement practices:

   a) Pursuant to TEX. INS. CODE § 541.060(a)(1), misrepresenting to Plaintiff material facts or Policy provisions relating to the coverage at issue by misrepresenting the true scope and amount of the claim at issue despite the existence of obvious and easily identifiable property conditions warranting the extension of further coverage under the policy.

   b) Pursuant to TEX. INS. CODE § 541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendant's liability under the Policy was reasonably clear. Specifically, Defendant failed to make an attempt to settle the Claim fairly despite the fact that Defendant knew or should have known of its liability to Plaintiff under the Policy.

   c) Pursuant to TEX. INS. CODE § 541.060(a)(3), failing to promptly provide Plaintiff with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant's denial of the claim or offer of a compromise settlement of the Claim. Specifically, Defendant failed to offer Plaintiff adequate compensation for damages to the Property without *reasonable* explanation as to why full payment was not being made.

   d) Pursuant to TEX. INS. CODE § 541.060(a)(4), failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiff or to submit a reservation of rights. Specifically, Plaintiff did not receive a timely, written indication of acceptance or rejection regarding the entire claim.

   e) Pursuant to TEX. INS. CODE § 541.060(a)(7), refusing to pay Plaintiff's Claim without conducting a *reasonable* investigation with respect to the Claim. Defendant's outcome-oriented investigation of the Claim resulted in an unfair evaluation of the damage to Plaintiff's Property.

26. Each of the foregoing unfair settlement practices was committed with knowledge by Defendant, and was a producing cause of Plaintiff's injuries and damages.

## MISREPRESENTATION OF INSURANCE POLICY VIOLATIONS

27.    Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

28.    Additionally, Defendant made misrepresentations about Plaintiff's insurance policy and claim in violation of TEX. INS. CODE § 541.061.   All of Defendant's violations are actionable pursuant to TEX. INS. CODE § 541.151.

29.    Defendant engaged in deceptive insurance practices by:

    a)  Making an untrue statement of material fact in violation of § 541.061(1). Specifically, Defendant misrepresented the true scope and amount of the claim despite the existence of obvious and easily identifiable property conditions warranting the extension of further coverage under the policy.

    b)  failing to state a material fact necessary to make other statements made not misleading in violation of § 541.061(2).

    c)  Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact in violation of § 541.061(3).

30.    Each of the foregoing unfair settlement practices was committed with knowledge by Defendant and was a producing cause of Plaintiff's injuries and damages.


## PROMPT PAYMENT OF CLAIMS VIOLATIONS

31.    Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

32.    Plaintiff gave Defendant proper notice of claim under the insurance Policy issued by Defendant.  As set forth more fully below, Defendant's conduct constitutes a violation of

the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE § 542.060.

33.     Specifically, Defendant violated the Prompt Payment of Claims provisions of TEX. INS. CODE § 542 by:

   a) Failing to acknowledge receipt of Plaintiff's Claim, commence investigation of the Claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, which constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE § 542.055;

   b) Failing to notify Plaintiff in writing of its acceptance or rejection of the full and entire Claim within the applicable time constraints provided by TEX. INS. CODE § 542.056; and/or

   c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE § 542.058.  Defendant delayed full payment of the Claim and, to date, Plaintiff has still not received full payment of the amount owed on this Claim.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH

34.     Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

35.     Since Plaintiff initially presented the Claim to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  The damage to Plaintiff's home was not apparent until after the loss made the basis of Plaintiff's insurance claim.    It is no coincidence that there was no apparent storm damage prior to the loss, and significant damage just after.  The covered storm damage to the property was at all times reasonably clear during Defendant's claim investigation, such that any adjuster or insurance carrier acting in good faith would know or should have known to acknowledge and accept coverage for such damages.    Instead, Defendant purposely failed to

acknowledge and accept full coverage for reasonably clear wind damage.  Alternatively, Defendant was grossly negligent in failing to acknowledge and accept full coverage for the reasonably clear wind damages to the property.

36.     As a result of Defendant's outcome-oriented investigation, Defendant continues to refuse to pay Plaintiff in full for the Claim.

37.     Defendant denied coverage and delayed payment for the full amount of Plaintiff's claim when it had no reasonable basis for doing so.  Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, and its failure, as set forth above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

38.     Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

39.     Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

## VII.
## DAMAGES

40.     Plaintiff would show that all of the aforementioned acts, taken together or independently, establish the producing causes of the damages sustained by Plaintiff.

41.     Plaintiff's damages have yet to be fully addressed or repaired since the incident, causing further damage to the Property and causing undue burden to Plaintiff.  Upon trial of this

case, it will be shown that these damages are a direct result of Defendant's improper handling of the Claim in violation of the laws set forth above.

42.     For the breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the Claim, together with attorney's fees.

43.     As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiff is entitled to actual damages, which includes the loss of the contractual benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees.  For Defendants' knowing conduct in violating these laws, Plaintiff respectfully requests treble damages pursuant to TEX. INS. CODE § 541.152.

44.     Pursuant to TEX. INS. CODE § 542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provisions, Plaintiff is entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and reasonable and necessary attorney's fees.

45.     For the breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach, exemplary damages, and damages for emotional distress.

46.     For the fraud committed, Plaintiff is entitled to recover actual damages and exemplary damages for knowing, fraudulent misrepresentations, together with attorney's fees, interest, and court costs.

47.     As a result of the necessity in engaging the services of an attorney to prosecute this claim, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

48.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is seeking only monetary relief of $75,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## VIII.
## JURY DEMAND

49.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury, and hereby tenders the appropriate jury fee.

## IX.
## WRITTEN DISCOVERY

50.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

51.     Attached to this petition are Plaintiff's Requests for Production and Plaintiff's Interrogatories.

## RULE 193.7 NOTICE

52.     Pursuant to Texas Rule of Civil Procedure 193.7, this will serve as actual notice that Plaintiff intends to use produced documents against Defendant(s) in pretrial proceedings and at trial.  Accordingly, production of document(s) in response to Request for Disclosure or Requests for Production of Documents authenticates the document(s) for use against Defendant(s) in any pretrial proceeding or at trial unless Defendant(s) objects to the authenticity of any produced documents(s) within the time limits as particularly set out in Texas Rules of Civil Procedure 193.7.

## X.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that upon trial hereof,

final judgment be rendered for Plaintiff as follows:

1) Judgment against Defendant for actual damages, including mental anguish, in an amount to be determined by the jury;

2) Statutory penalties;

3) Treble damages;

4) Exemplary and punitive damages;

5) Prejudgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of this suit; and

9) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE LANE LAW FIRM, PLLC**

By:   */s/ Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
notifications@lanelaw.com
Joshua D. Gordon
State Bar No. 24091592
Joshua.gordon@lanelaw.com
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
(713) 595-8200 – Telephone
(713) 595-8201 – Fax
**ATTORNEYS FOR PLAINTIFF**

Received and E-Filed for Record
8/13/2019 6:17 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Deven Maropis

CAUSE NO. 19-08-11013 _____

| | | |
|---|---|---|
| **CALEB MARUTZKY,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **ALLSTATE TEXAS LLOYDS** | § | |
| | § | **Montgomery County - 284th Judicial District Court** |
| *Defendants.* | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| | § | |

**PLAINTIFF'S INTERROGATORIES TO DEFENDANT**
**ALLSTATE TEXAS LLOYDS**

TO:   Defendant, Allstate Texas Lloyds, by and through its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

Plaintiff requests that Defendant take notice that you are required, pursuant to Rule 197 of the Texas Rules of Civil Procedure, to serve on the undersigned, within fifty-one (51) days after the service of this notice, your answers to the interrogatories that are set forth below.   Your answers must be in writing and provided under oath.   Please note that you have a duty to supplement your answers to these interrogatories should you later learn that an answer you have given was incorrect when given, or that an answer, while correct when given, is no longer true.

Respectfully submitted,

**THE LANE LAW FIRM, PLLC**

By: */s/ Robert C. Lane*
Robert "Chip" C. Lane
State Bar No. 24046263
notifications@lanelaw.com
Joshua D. Gordon
State Bar No. 24091592
Joshua.gordon@lanelaw.com
6200 Savoy Drive, Suite 1150
Houston, Texas 77036-3300
(713) 595-8200 – Telephone
(713) 595-8201 – Facsimile
**ATTORNEYS FOR PLAINTIFF**

1

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing discovery was filed with Plaintiff's Original Petition for service to the following:

CT Corporation System
1999 Bryan St., Suite 900
Dallas, TX 75201-3136
**REGISTERED AGENT FOR DEFENDANT**
**ALLSTATE TEXAS LLOYDS**

                                             */s/ Robert C. Lane*
                                             Robert C. Lane

2

# I.
## <u>DEFINITIONS AND INSTRUCTIONS</u>

A.      The terms "Defendant," "you," and "yours," as used herein shall refer to the defendant Allstate Texas Lloyds in this action.

B.      The term "Property" shall refer to the property located at 7 Nila Grove Court, Conroe, TX 77385.

C.      The term "Plaintiffs" as used herein shall refer to Caleb Marutzky and all of his/her/its agents or attorneys purporting to act on his behalf, whether authorized to do so or not.

D.      The term "person" as used herein shall mean the plural as well as the singular, including but not limited to the following: natural persons, corporations, firms, associations, partnerships, joint ventures, or other form of legal business entity, and governmental agencies, departments, units or any subdivision thereof.

E.      "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

F.      The "Event" as used herein shall to the loss event made the basis of the Claim.

G.      "Date of Loss" shall refer to the day the Event occurred.

H.      "Insured Location" means the real property at the location described in the Policy declarations.

I.      "Dwelling" means the dwelling located at the Insured Location at the time of the date of loss.

J.      "Other Structures" means any structures located at the Insured Location during the date of loss that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

K.      "Other Damages" means debris removal, temporary repairs, tree and shrub removal, personal property removal and storage, loss of use and additional living expenses.

L.      "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against Defendant in this lawsuit.

M.      "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

N.      "The Claim" means the insurance claim made the basis of the breach of contract claim

3

against Defendant in this lawsuit.

O.     "Written Communication" means the conveyance of information by a writing, whether by letters, emails, memoranda, handwritten notes and/or faxes.

P.     "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording.  *See* Texas Rule of Civil Procedure 192.3(h).

Q.     "Date" means the exact date, month and year, if ascertainable, or if not, the best available approximation.

R.     The term "document" is used herein in the broadest possible sense, and includes but is not limited to the originals and all copies of the following:   contracts, agreements, checks, drafts, appraisals, affidavits, notices, memoranda, letters, correspondence of any and all types, intercorporate communications, reports, bulletins, instructions, sketches, notebooks, diaries, telephone logs, agenda, minutes, schedules, plans, drawing specifications, charts, tables, books, pamphlets, circulars, photographs, films, videotapes, videodiscs, prints, audio tapes, audio disks and all other forms of sound recordings, computer databases, computer disks or tapes, archival copies of computer disks or tapes, computer software, financial records including all ledgers, worksheets, budgets, projections, estimates, or opinions, as well as all writings of any nature whatsoever, including all copies and electrical, photostatic, or mechanical reproductions of all of the foregoing items, and including each copy or reproduction that contains any notation or amendment, or otherwise differs in any respect from the original.

S.     The term "communication" shall mean any contact between two or more persons and shall include, but not be limited to, any written, recorded, graphic or oral statement, testimony, meeting, question, complaint, command, supposition, or conjecture, however produced or reproduced, and whether or not made under oath, which is made, distributed, or circulated between or among persons, or data storage or processing units, and any and all documents containing, consisting of, or relating to, a communication.

T.     To "identify" a document shall include a statement of the following:

1.     the title, heading, or caption, if any, of such document;

2.     the identifying number(s), letter(s), or combination thereof, if any;  and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document or evaluation of any claim of

4

protection from discovery;

3.     the date appearing on such document; and if no date appears thereon, the answer shall give the approximate date on which the document was prepared;

4.     the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.) with sufficient particularity so that such document can be precisely identified;

5.     the name and capacity of the person who signed such document or over whose name such document was issued; and if it was not signed, the answer shall so state and shall give the name of the person who prepared it;

6.     the names and capacities of all persons to whom such document of any copy was addressed, sent, or delivered;

7.     the physical location of the document and the name of its custodian;

8.     whether it will be voluntarily made available to plaintiff for inspection and copying; and if not, the reasons why not.

U.     To "identify" a person shall include a statement of the following, where applicable:

1.     the full name of the person, if known; (if not known, the answer shall so state);

2.     the person's employer, job title (if known), address, and telephone number at the time of the event, transaction, or occurrence to which the interrogatory relates;

3.     if different from the information above, the person's last known employer, job title, address, and telephone number; (If not known, the answer shall so state); and

4.     the person's present residential address and telephone numbers, if known.

V.     To "identify" a communication means to state:

1.     the name of each person who participated in the communication and the name of each person who was present at the time it was made;

2.     by whom each person was employed and who each person represented or purported to represent in making such communication;

3.     the substance of the communication;

4.     the date and place of such communication;

5.    the nature and substance of each document recording or pertaining to such communication with sufficient particularity to enable it to be identified;

6.    the physical location of each such document and the name of its custodian; and

7.    whether it will be voluntarily made available to plaintiff for inspection and copying; and if not, the reasons why not.

## II.
## GENERAL INSTRUCTIONS

1.    In answering these interrogatories, please furnish all information that is known or available regardless of whether this information is possessed directly by you, or by your agents, employees, representative, attorneys, or investigators.

2.    If any of these interrogatories cannot be answered in full, please answer to the extent possible, specifying the reasons for the inability to answer the remainder and stating whatever information, knowledge, or belief you have concerning the unanswered portion.

3.    Documents produced in response hereto shall be organized and labeled to correspond to the categories in the request or produced as they are kept in the usual course of business.

4.    If privilege of work product protection is claimed as a ground for withholding production of one or more documents, in whole or in part, the response hereto shall identify the date of the document, its author, its subject matter, its length, its attachments, if any, its present custodian, and all recipients thereof, whether indicated on the document or otherwise, and shall describe the factual basis for the claim of privilege or work product protection in sufficient detail so as to permit the court to adjudicate the validity of the claim.

5.    In the event that a document called for by these requests has been destroyed, the response hereto shall identify the preparer of the document, its addressor (if different), addressee, each recipient thereof, each person to who distributed or shown, date prepared, date transmitted (if different), date received, a description of its contents and subject matter, the date of its destruction, the manner of its destruction, the name, title and address of person authorizing its destruction, the reason(s) for its destruction, the name, the title and address of the person destroying the document and a description of efforts to locate the document and copies of it.

6.    Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

6

## INTERROGATORIES

**INTERROGATORY NO. 1:**        Identify each person participating in the preparation of answers to these interrogatories, supplying information used in such preparation, or contacted by you to answer or offer any input into answering these interrogatories.  As to each person so identified, indicate the interrogatories with respect to which the person was involved.  Further, state your relationship to each such person.

**ANSWER:**

**INTERROGATORY NO. 2:**        Identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

**ANSWER:**

**INTERROGATORY NO. 3:**        With regard to any conversation, communication or meeting between you and Plaintiff regarding the subject of the litigation:

    a.  state the date of the conversation, communication or meeting;

    b.  identify all persons present at or privy to the conversation, communication or meeting and all persons with knowledge of the matters discussed at the meeting;

    c.  state in detail what was discussed during the conversation, communication or meeting; and

    d.  identify all documents relating, incident to or resulting from the conversation, communication or meeting.

**ANSWER:**

**INTERROGATORY NO. 4:**        State whether you contend that Plaintiff did not provide you with requested information that was required for you to properly evaluate Plaintiff's claim.   If so, state what information was requested and not provided, and the dates of the requests.

**ANSWER:**

**INTERROGATORY NO. 5:**        State the following concerning notice of claim and timing of payment:

    a.  The date and manner in which you received notice of the claim;
    b.  The date and manner in which you acknowledged receipt of the claim;
    c.  The date and manner in which you commenced investigation of the claim;

7

    d.   The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant;

    e.   The date you received from Plaintiff all items, statements, and forms that you reasonably believed would be required from Plaintiff; and

    f.   The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim.

**ANSWER:**

**INTERROGATORY NO. 6:**    State every basis, in fact and in terms of the Policy, for your denial of Plaintiff's claim, or any portion of Plaintiff's claim.

**INTERROGATORY NO. 7:**    State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Texas Insurance Code Section 541.060, the violation of which is alleged in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 8:**    State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058.

**ANSWER:**

**INTERROGATORY NO. 9:**    When was the date you anticipated litigation?

**ANSWER:**

**INTERROGATORY NO. 10:**    What documents (including those maintained electronically) relating to the investigation or handling of a homeowner's property insurance claim in Texas are routinely generated during the course of the investigation and handling of the claim (e.g. Investigation Reports; records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

**ANSWER:**

**INTERROGATORY NO. 11:**    Please list and describe the types of property conditions that are, in your opinion, evidence of windstorm or hail damage.

**ANSWER:**

**INTERROGATORY NO. 12:**        Do you contend that the insured premises were damaged by flood water, storm surge and/or any excluded peril? If so, state the general factual bases for this contention.

**ANSWER:**

**INTERROGATORY NO. 13:**        Do you contend that Plaintiff failed to satisfy any condition precedent to recovery or that any act or omission by the Plaintiff voided, nullified, waived, or breached the insurance policy in any way?   If so, state the general factual bases for this contention(s).

**ANSWER:**

**INTERROGATORY NO. 14:**        Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling property and casualty claims arising out of storms of the type made the basis of Plaintiff's insurance claim.

**ANSWER:**

**INTERROGATORY NO. 15:**        How is the performance of adjusters involved in handling Plaintiff's claim evaluated?   State the following:

      a.   what performance measures are used; and
      b.   describe your bonus or incentive plan for adjusters.

**ANSWER:**

9

Received and E-Filed for Record
8/13/2019 6:17 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Deven Maropis

19-08-11013

CAUSE NO. _____

| | | |
|---|---|---|
| **CALEB MARUTZKY,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **ALLSTATE TEXAS LLOYDS** | § | |
| | § | Montgomery County - 284th Judicial District Court |
| *Defendants.* | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| | § | |

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DEFENDANT ALLSTATE TEXAS LLOYDS

TO:   Defendant, Allstate Texas Lloyds, by and through its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant take notice that you are required to serve your responses to Plaintiff's Requests for Production within fifty-one (51) days after the service of this notice.  Your answers must be in writing and provided under oath.  Please note that you have a duty to supplement your answers should you later learn that an answer you have given was incorrect when given, or that an answer, while correct when given, is no longer true.

Respectfully submitted,

**THE LANE LAW FIRM, P.L.L.C.**

By: */s/ Robert C. Lane*
Robert "Chip" C. Lane
State Bar No. 24046263
notifications@lanelaw.com
Joshua D. Gordon
State Bar No. 24091592
Joshua.gordon@lanelaw.com
6200 Savoy Drive, Suite 1150
Houston, Texas 77036-3300
(713) 595-8200 – Telephone
(713) 595-8201 – Facsimile
**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing discovery was filed with Plaintiff's Original Petition for service to the following:

CT Corporation System
1999 Bryan St., Suite 900
Dallas, TX 75201-3136
**REGISTERED AGENT FOR DEFENDANT**
**ALLSTATE TEXAS LLOYDS**

<u>/s/ Robert C. Lane</u>
Robert C. Lane

2

## A.    <u>Instructions and Definitions</u>

1.      Answer each request for documents separately by listing the documents and by describing them as defined below.  If documents are numbered for production, in each response provide both the information that identifies the document and the document's number.

2.      <u>Log</u>.  For each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information.  State the specific grounds for the claim of privilege or other ground for exclusion.  Also, for each document you claim is not discoverable, state the date of the document, the name, job title and address of the person who prepared it; the name, job title and address of the person now in possession of the document; a general description of the subject matter of the document; and the present location and the custodian of the document.

3.      <u>Lost/Destroyed Documents</u>.  For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.      <u>Document Format</u>.  Pursuant to Rule 196.4 of the Texas Rules of Civil Procedure, you are requested to produce any responsive documents that are in electronic or magnetic form.  If reasonably available, the data should be produced in printed form.  Otherwise, such data should be produced in the form in which it is maintained or stored together with a description of the necessary electronic or magnetic retrieval methods and the means to so retrieve (if such methods are otherwise unavailable to Plaintiff).

5.      "All" shall mean "any," and vice versa.

6.      "And" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of the Requests any information or documents which might otherwise be considered beyond its scope.

7.      "Communications" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications and oral communications.

8.      "Relating to," "concerning," "pertaining to," "regarding," "reflecting," "in connection with" (or any form thereof) shall mean constituting, comprising, respecting, supporting, contradicting, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

9.      "Describe" or "state" shall mean to represent, delineate, and give an account of in words any and all information allowed to the fullest extent of the law.

11.     "Document" or "documents" shall mean all documents and tangible things as defined by Rule 192.3(b) of the Texas Rules of Civil Procedure, including, but not limited to, all written, reported, recorded, printed or typed or graphic matter, and tangible things, however produced or reproduced, now or at any time in the possession, custody or control of you, including but not limited to all papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, data compilations, electronic data, magnetic data, files (see next definition), letters, correspondence, telegrams, telexes, electronic mail, cables, telephone records, logs and notations, intra summaries, messages, audio tapes, digital recordings, computer discs or tapes, computer programs and software, film, invoices, purchase orders, ledgers, journals and other formal and informal books of record and account, calendars, minutes, bulletins, instructions, work assignments, reports, memoranda, notes, notebooks, speeches, brochures, overhead slides, drafts, data announcements, public and governmental filings, opinions, worksheets, statistics, contracts, agreements, press releases, public statements and/or announcements, parts lists, Bill of Material (BOMs), production plans or forecasts, inventory lists (including work in progress and finished goods), parts orders and forecasts, intra-corporate drafts of the foregoing items and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the original, and shall be deemed to include all tangible items not otherwise referred to above.

12.     "Files" shall mean and refer to any compilation or "documents" in a folder, box, binder, file, or other device for the purpose of storing, organizing, or otherwise, and all "files" shall be identified as to source and location in connection with the production of "documents" and/or "files."

13.     As used herein, the term "person" includes any individual, partnership, company, proprietorship, association, corporation, joint venture, firm, trust, business, or any other legal entity whether public or private.

14.     All entities named or referred to herein shall be deemed to include their parent companies, subsidiaries, affiliates and any of the directors, officers, employees, agents and representatives thereof, including attorneys and investment bankers.

15.     "Defendant", "you", and "yours" shall mean Allstate Texas Lloyds, as applicable, each of its subsidiaries, divisions, affiliates, partners, or parents, and any of its officers, directors, employees, agents, representatives, or other persons or entities acting on its behalf or under its direction or control.

16.     The term "Plaintiff" as used herein, shall refer to Caleb Marutzky, plaintiff named in the above-referenced lawsuit, as well as his agents and representatives, or other persons acting on his behalf or under their direction or control.

17.     The term "Property" as used herein shall refer to 7 Nila Grove Court, Conroe, TX 77385.

18.     The term "Record(s)" means all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes and amendments, graphic or any electronic or mechanical records or representation of any kind.

19.     The "Event" as used herein shall refer to the loss made the basis of Plaintiff's insurance claim bearing Claim No. 0535130892.

20.     "Date of Loss" shall refer to the day the Event occurred.

21.     "The Claim" means the insurance claim made the basis of the breach of contract claim against Defendant in this lawsuit.

## B.     <u>REQUEST FOR PRODUCTION OF DOCUMENTS, ITEMS AND THINGS</u>

**<u>REQUEST NO. 1:</u>**     The claim files from the home, regional or local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file.  If none, state "none."

**<u>RESPONSE:</u>**

**<u>REQUEST NO. 2:</u>**     The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.  If none, state "none."

**<u>RESPONSE:</u>**

**<u>REQUEST NO. 3:</u>**     A certified copy of the insurance policy pertaining to the claims involved in this suit.

**<u>RESPONSE:</u>**

**<u>REQUEST NO. 4:</u>**     The electronic diary, including the electronic and paper notes made by Defendant's claims personnel, contractors, and third party adjuster/adjusting firms relating to the Plaintiff's claims.

**<u>RESPONSE:</u>**

**<u>REQUEST NO. 5:</u>**     Your current written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of homeowner's insurance claims in Texas.

**RESPONSE:**

**REQUEST NO. 6:**  Your current written procedures or policies (including documents maintained in electronic form) that pertain to the handling of complaints made by policyholders in Texas.

**RESPONSE:**

**REQUEST NO. 7:**  The adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

**RESPONSE:**

**REQUEST NO. 8:**  True and complete copies of all billings on the file from the independent adjusters, including the time sheets or documentation used to justify the billings.

**RESPONSE:**

**REQUEST NO. 9:**  Any and all reports, documents or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

**RESPONSE:**

**REQUEST NO. 10:**  Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

**RESPONSE:**

**REQUEST NO. 11:**  Any roofing repair reports prepared concerning the Property.

**RESPONSE:**

**REQUEST NO. 12:**  The field notes, measurements and file maintained by the adjuster(s) and/or engineers who physically inspected the subject property.

**RESPONSE:**

**REQUEST NO. 13:**  All emails, instant messages and internal correspondence regarding the investigation, adjusting, payment and/or handling of the claim(s) made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 14:**  Any videotapes, photographs or recordings of Plaintiff or Plaintiff's home, taken within the last five years, regardless of whether you intend to offer these items into evidence at trial.

-6-

**RESPONSE:**

**REQUEST NO. 15:**  For the last two years, Defendant's internal newsletters, bulletins, publications and memoranda relating to policies and procedures for handling homeowner's insurance claims, including but not limited to, memoranda issued to claims adjusters.

**RESPONSE:**

**REQUEST NO. 16:**  The price guidelines that pertain to Plaintiff's claim.  In the event you utilize published guidelines or "off the shelf" software, without modification, as your price guidelines, you may respond by simply identifying by name, version, and/or edition the published guidelines you use.

**RESPONSE:**

**REQUEST NO. 17:**  Plaintiff's file from the office of their insurance agent.

**RESPONSE:**

**REQUEST NO. 18:**  For the past two years, the documents, manuals, and training materials, including audio and/or video tapes used in training, overseeing, or supervising your personnel employed in adjusting property claims in Texas.

**RESPONSE:**

**REQUEST NO. 19:**  "Pay Sheet," "Payment Log," or list of payments made on Plaintiff's claim. This includes all indemnity, claim expenses and third party payments.

**RESPONSE:**

**REQUEST NO. 20:**  True and complete copies of all billing records from any and all independent adjusters regarding the claim(s) made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 21:**  For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling and performance under a bonus or incentive plan.

**RESPONSE:**

**REQUEST NO. 22:**  The managerial bonus or incentive plan for the manager(s) assigned to or responsible for Plaintiff's claim.

**RESPONSE:**

**REQUEST NO. 23:**  The bonus or incentive plan for the adjuster(s) assigned to Plaintiff's claim.

**RESPONSE:**

**REQUEST NO. 24:**  For the past two years, the documents reflecting your criteria and procedure for the selection and retention of independent adjusters and engineers handling property damage claims in Texas.

**RESPONSE:**

**REQUEST NO. 25:**  If a third party engineer evaluated the subject property, provide the documents that show the number of other matters in which the same engineers were retained by you to evaluate other properties over the past five years.

**RESPONSE:**

**REQUEST NO. 26:**  The Complaint Log required to be kept by you for claims handling complaints in Texas filed over the past three years.

**RESPONSE:**

**REQUEST NO. 27:**  For the past two years, your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, roofers and contractors, for property damage claims in Texas.

**RESPONSE:**

**REQUEST NO. 28:**  If you used the services of a third party adjusting company, the contract between the Defendant insurer and the third party adjusting company.

**RESPONSE:**

**REQUEST NO. 29:**  The correspondence between the Defendant insurer and the third party adjuster/adjusting firms, engineers and other estimators who worked on the Claim that pertain to the claims at issue in this suit.

**RESPONSE:**

**REQUEST NO. 30:**  The name and license number for all adjusters seen in this case.

**RESPONSE:**

**REQUEST NO. 31:**  Copies of all job descriptions of employees that adjusted or in any way

-8-

supervise the handling of Plaintiff's claim(s).

**RESPONSE:**

**REQUEST NO. 32:**  Any and all reports, documents or correspondence reflecting the reserves and payment history for indemnity, expenses and vendors on this file including but not limited to dates, changes and requests made by the adjusters.

**RESPONSE:**

**REQUEST NO. 33:**   The assigned adjuster's damage estimates, photos, and scope of damage.

**RESPONSE:**

**REQUEST NO. 34:**  Special Investigations Unit file if one exists.

**RESPONSE:**

**REQUEST NO. 35:**  All documents between insured and his agent and between insured and claims department related to Plaintiff's claim.

**RESPONSE:**

**REQUEST NO. 36:**  All memos between adjuster, supervisor and management pertaining to Plaintiff's claim.

**RESPONSE:**


**REQUEST NO. 37:**  Documents and training materials regarding the estimating program that is used by Defendants in estimating and scoping of damages for insurance claims in Texas.  This also includes any pricing guidelines and program updates.

**RESPONSE:**

**REQUEST NO. 38:**  Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendors list."

**RESPONSE:**

**REQUEST NO. 39:**   Any and all records and/or documents reflecting the criteria utilized to qualify vendors, including contractors, roofing companies, and adjusting companies, for the "approved vendors list."

**RESPONSE:**

**REQUEST NO. 40:**  Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiff's claim(s) was assigned. This request is limited to the last five years.

**RESPONSE:**

**REQUEST NO. 41:**  Any and all indemnity agreements between Defendant and any other person, firm or corporation against which a claim of indemnification might be brought because of the facts of this lawsuit.

**RESPONSE:**

**REQUEST NO. 42:**  Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant to claims representative and/or adjusters, or received by claims representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjusting and/or handling of property damage claims in Texas.  This request is limited to any of the above issued in the last two (2) years.

**RESPONSE:**

**REQUEST NO. 43:**  Any and all materials, documents, files and/or reports containing list(s) of adjusting companies, independent adjusters, contractors and roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically related to homeowner insurance claims.

**RESPONSE:**

**REQUEST NO. 44:**  Any and all reference materials, handouts, manuals, outlines, articles and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas.  This request is limited to the last two (2) years.

**RESPONSE:**

**REQUEST NO. 45:**  For the last year, all emails between Defendant's adjusters, agents, supervisors, officers and/or executives regarding changes in the educational programs relating to the handling of residential homeowner's insurance claims.

**RESPONSE:**

**REQUEST NO. 46:**  For the past five (5) years, any and all lawsuits related to claims handling involving the adjuster(s) or personnel assigned to Plaintiff's claim. This can be in the form of a list detailing the information above with the style of the lawsuit, court, county, causes of action made the basis of the lawsuit, the type of insurance claim made the basis of the lawsuit, the year the

-10-

lawsuit was filed and whether the lawsuit is still pending or not.

**RESPONSE:**

**REQUEST NO. 47:**  Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of the claim made the basis of this suit, including staff and vendors.

**RESPONSE:**

**REQUEST NO. 48:**  For the past year, any and all answers and affidavits made by Defendants and its counsel in previous discovery requests for training procedures or training manuals for the handling of property damage claims.

**RESPONSE:**

**REQUEST NO. 49:**  If you dispute that the cause of the loss was related solely to the Event, produce the engineering reports in your possession regarding damage to property within a one-mile radius of the insured property caused by the Event.

**RESPONSE:**

**REQUEST NO. 50:**  Any documents or correspondence regarding investigations into Defendant's homeowner's insurance claims handling performed by the Texas Department of Insurance or any other regulatory body, including the government, within the past 2 years.

**RESPONSE:**

**REQUEST NO. 51:**  Please provide any documentation of financial information which may be necessary to determine whether Defendant is a wholly owned subsidiary of another entity.

**RESPONSE:**

**REQUEST NO. 52:**  All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant Company, regarding Plaintiff's claim.

**RESPONSE:**

**REQUEST NO. 53:**  All reports and other documents from governmental agencies or offices regarding Plaintiff's property or containing officially kept information regarding Plaintiff's property.

**RESPONSE:**

-11-

**REQUEST NO. 54:**  Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's property.

**RESPONSE:**

**REQUEST NO. 55:**  Any and all activity logs relating to Plaintiff's insurance claim made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 56:**  All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of Defendant from the scene of the occurrence made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 57:**  Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).

**RESPONSE:**

**REQUEST NO. 58:**  Any and all documents relating to the assignment of Plaintiff's claim(s) to an independent adjusting company and/or independent adjuster.

**RESPONSE:**

**REQUEST NO. 59:**  Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiff, and any other entities with whom Defendant worked or communicated regarding Plaintiff's property.  This includes documents exchanged with independent adjusting companies and/or independent adjusters assigned to Plaintiff's claim.

**RESPONSE:**

**REQUEST NO. 60:**  The information regarding weather conditions on which you relied in making decisions on Plaintiff's claim(s).

**RESPONSE:**

Received and E-Filed for Record
8/13/2019 6:17 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Deven Maropis

# Request for Service

## Montgomery County District Clerk

**CASE NUMBER:** 19-08-11013        **CURRENT COURT:** Montgomery County - 284th Judicial District Court

**Name(s) of Documents to be served:** PLAINTIFF'S ORIGINAL PETITION, PLAINTIFF'S INTERROGATORIES TO DEFENDANT, and PLAINTIFF'S REQUESTS FOR PRODUCTION OF DEFENDANT

**FILE DATE of document(s) to be served:** 08/13/2019        **Month/Day/Year**

**SERVICE TO BE ISSUED ON (Please List Exactly as The Name Appears in The Pleading to Be Served):**

**Issue Service to:** ALLSTATE TEXAS LLOYDS

**Address of Service:** 1999 Bryan Street, Suite 900

**City, State & Zip:** Dallas, Texas 75201-3136

**Agent (if applicable):** CT Corporation System

☐ Check here to have citation addressed to wherever the addressee may be found.

**TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the appropriate box)**

| | | |
|---|---|---|
| ☑ Citation for Personal Service | ☐ Secretary of State Citation ($12.00) | ☐ Civil Injunction/TRO |
| ☐ Citation by Posting | ☐ Highway Commission ($12.00) | ☐ Certiorari |
| ☐ Citation by Publication | ☐ Commissioner of Insurance ($12.00) | ☐ Precept |
| ☐ Citation Scire Facias | ☐ Hague Convention ($16.00) | ☐ Subpoena |
| ☐ Writ of Garnishment | ☐ Capias (not an E-Issuance) | ☐ Other (Please |
| ☐ Writ of Sequestration | ☐ Temporary Restraining Order (Family) | Describe) _____ |
| ☐ Writ of Attachment | ☐ Temporary Ex Parte Protective Order | _____ |
| ☐ Writ of Habeas Corpus | ☐ Notice of Appl. For Protective Order | _____ |
| ☐ Notice of Hearing/Show Cause | ☐ Notice of Foreign Judgment (UIFSA) | (See additional Forms for |
| ☐ Regular Mail (only available for | ☐ Notice of Foreign Judgment (UCCJEA) | Post Judgment Service) |
| Expedited Foreclosures and UIFSA | (by certified mail service) | |
| Foreign Judgments | | |

**SERVICE BY: (Check the appropriate box.)**

☑ **E-Issuance by District Clerk (No Service Copy Fees Charged) (Note:)** **CAPIAS is not an E-Issuance Option**
***Citations returned electronically will be e-served through E-file Texas to requesting attorney/pro se.**
☐ **ATTORNEY PICK-UP (phone or email contact):** _____
☐ **MAIL to attorney at Attorney of Record's address on file in case record.**
☐ **CERTIFIED MAIL by District Clerk**
☐ **CIVIL PROCESS SERVER - Authorized Person to Pick-up:** _____ **Phone:** _____
☐ **OTHER,** *explain:* _____

**Issuance of Service requested by:**

**Attorney/Party Name:** Robert C. Lane        **Bar# or ID:** 24046263

**Mailing Address:** 6200 Savoy Dr., Suite 1150, Houston, TX 77036

**Phone Number:** 713-595-8200

# CITATION

Cause Number: 19-08-11013

| | |
|---|---|
| **Clerk of the Court** | **Attorney Requesting Service** |
| Melisa Miller | Robert "Chip" C. Lane |
| P.O. Box 2985 | 6200 Savoy Dr |
| Conroe, Texas 77305 | Ste 1150 |
| | Houston TX  77036-3300 |

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

To:     **Allstate Texas Lloyd's**
        **Registered Agent CT Corporation System**
        **1999 Bryan St Ste 900**
        **Dallas TX  75201-3136**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 13th day of August, 2019 numbered 19-08-11013 on the docket of said court, and styled, Caleb Marutzky VS. Allstate Texas Lloyd's

The nature of plaintiff's demand is fully shown by a true and correct copy of the  Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 14th day of August, 2019.



Melisa Miller, District Clerk
Montgomery County, Texas

By: _Lauren Marquis_                    Signed: 8/14/2019 03:27 PM
_____

Lauren Marquis, Deputy

## OFFICER'S RETURN

**Cause No. 19-08-11013**                **Court No: 284th Judicial District Court**
**Style: Caleb Marutzky VS. Allstate Texas Lloyd's**
**To:**              **Allstate Texas Lloyd's**
**Address:**      **Registered Agent CT Corporation System**
                 **1999 Bryan St Ste 900**
                 **Dallas TX  75201-3136**


**Came to hand the \_\_\_day of _____, 20\_\_, at _____ o'clock, and executed in _____**
**County, Texas by delivering to each of the within named defendants in person, a true copy of this citation**
**with the date of delivery endorsed thereon, together with the accompanying copy of the  Plaintiff's**
**Original Petition at the following times and places, to wit:**

**Name**                **Date/Time**            **Place, Course and distance from Courthouse**
_____       _____       _____

**Manner of service:**  _____

**\*And not executed as to the defendants(s)**  _____
**The diligence used in finding said defendant(s) being:**
_____
**And the cause of failure to execute this process is:**
_____
**And information received as to the whereabouts of said defendant(s) being:**
_____

**FEES:**
**Serving Petition and Copy   $_____**

                                    _____**OFFICER**
**TOTAL**                **$_____**
                                    _____**County, Texas**

                            **By: _____, Deputy**

## AFFIANT
**Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with**
**Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and**
**return. The return must either be verified or be signed under penalty of perjury.**

**A return signed under penalty of perjury must contain the**
**statement below in substantially the following form:**
**My full name is _____**
**My date of birth is \_\_\_\_/\_\_\_\_/\_\_\_\_\_, and my address is**
**_____.**
**I DECLARE UNDER PENALTY OF PERJURY THAT THE**
**FOREGOING IS TRUE AND CORRECT**
**Executed in_____, County, State of**
**_____, on the \_\_\_\_\_day of _____, 20\_\_\_\_.**

**_____**
**Declarant/Authorized Process Server**
**_____**
**ID# & Exp. Of Certification**

**_____**
**Declarant/Authorized Process Server**

**_____**
**ID# & Exp. Of Certification**

**SWORN AND SUBSCRIBED ON**

**_____**
**DATE**

**_____**
**NOTARY**

Received and E-Filed for Record
8/19/2019 3:03 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Megan Shiflett

**CAUSE NO. 19-08-11013**

| | | |
|---|---|---|
| CALEB MARUTZKY | § | |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | IN THE 284th District Court |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | MONTGOMERY COUNTY, TX |
| **DEFENDANT** | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**RETURN OF SERVICE**

**ON Saturday, August 17, 2019 AT 5:57 AM**
CITATION, CITATION, , PLAINTIFF'S ORIGINAL PETITION, PLAINTIFF'S REQUESTS FOR
PRODUCTION OF DEFENDANT ALLSTATE TEXAS LLOYDS, PLAINTIFF'S INTERROGATORIES TO
DEFENDANT ALLSTATE TEXAS LLOYDS for service on ALLSTATE TEXAS LLOYD'S C/O REGISTERED
AGENT CT CORPORATION SYSEM came to hand.

**ON Monday, August 19, 2019 AT 2:20 PM, I, Carol  Tharp, PERSONALLY DELIVERED THE
ABOVE-NAMED DOCUMENTS TO:** ALLSTATE TEXAS LLOYD'S C/O REGISTERED AGENT CT
CORPORATION SYSEM, by delivering to Antoinette Williams, 1999 BRYAN ST STE 900, DALLAS,
DALLAS COUNTY, TX 75201.

My name is Carol  Tharp. My address is 1201 Louisiana, Suite 370, Houston, Texas 77002,
USA. I am a private process server certified by the Texas Judicial Branch Certification Commission
(PSC 1222, expires 4/30/2020). My date of birth is 7/24/1946. I am in all ways competent to make
this statement, and this statement is based on personal knowledge. I am not a party to this case
and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true
and correct.

Executed in DALLAS COUNTY, TX on Monday, August 19, 2019 AT 2:20 PM.

/S/ Carol  Tharp

Nila/Marutzky

Doc ID: 265631_1

# CITATION

Cause Number: 19-08-11013

Clerk of the Court                                 Attorney Requesting Service
Melisa Miller                                      Robert "Chip" C. Lane
P.O. Box 2985                                      6200 Savoy Dr
Conroe, Texas 77305                                Ste 1150
                                                   Houston TX  77036-3300

# THE STATE OF TEXAS

**NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

To:     Allstate Texas Lloyd's
        Registered Agent CT Corporation System
        1999 Bryan St Ste 900
        Dallas TX  75201-3136

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition was filed in said court on this the 13th day of August, 2019 numbered 19-08-11013 on the docket of said court, and styled, Caleb Marutzky VS. Allstate Texas Lloyd's

The nature of plaintiff's demand is fully shown by a true and correct copy of the  Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 14th day of August, 2019.



Melisa Miller, District Clerk
Montgomery County, Texas

By: _____        Signed: 8/14/2019 03:27 PM

Lauren Marquis, Deputy

# OFFICER'S RETURN

**Cause No. 19-08-11013**                         **Court No: 284th Judicial District Court**

**Style: Caleb Marutzky VS. Allstate Texas Lloyd's**

**To:**               **Allstate Texas Lloyd's**

**Address:**        **Registered Agent CT Corporation System**
                        **1999 Bryan St Ste 900**
                        **Dallas TX  75201-3136**


**Came to hand the \_\_\_day of _____, 20\_\_, at _____ o'clock, and executed in _____
County, Texas by delivering to each of the within named defendants in person, a true copy of this citation
with the date of delivery endorsed thereon, together with the accompanying copy of the  Plaintiff's
Original Petition at the following times and places, to wit:**

| Name | Date/Time | Place, Course and distance from Courthouse |
|------|-----------|--------------------------------------------|
| _____ | _____ | _____ |

**Manner of service:**  _____

**\*And not executed as to the defendants(s)**  _____
**The diligence used in finding said defendant(s) being:**
_____
**And the cause of failure to execute this process is:**
_____
**And information received as to the whereabouts of said defendant(s) being:**
_____

**FEES:**

**Serving Petition and Copy    $_____**

                                                         _____**OFFICER**

**TOTAL**                         **$_____**

                                                         _____**County, Texas**

                                        **By: _____, Deputy**

## AFFIANT

**Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with
Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and
return. The return must either be verified or be signed under penalty of perjury.**

**A return signed under penalty of perjury must contain the
statement below in substantially the following form:**

**My full name is _____**

**My date of birth is \_\_\_/\_\_\_/\_\_\_\_, and my address is**
**_____.**

**I DECLARE UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT**

**Executed in_____, County, State of
_____, on the \_\_\_\_\_day of _____, 20\_\_\_\_.**

**_____**
**Declarant/Authorized Process Server**
**_____**
**ID# & Exp. Of Certification**

**_____**
**Declarant/Authorized Process Server**
**_____**
**ID# & Exp. Of Certification**

**SWORN AND SUBSCRIBED ON**

**_____**
**DATE**

**_____**
**NOTARY**

Received and E-Filed for Record
9/4/2019 9:19 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Megan Shiflett

CAUSE NO. 19-08-11013

| | |
|---|---|
| CALEB MARUTZKY, | IN THE DISTRICT COURT |
| Plaintiff, | |
| v. | |
| | 284TH JUDICIAL DISTRICT |
| ALLSTATE TEXAS LLOYDS | |
| Defendant. | |
| | MONTGOMERY COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE TEXAS LLOYD'S, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

### I.

### GENERAL DENIAL

At this time, Defendant asserts a general denial to Plaintiff's Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### II.

### SPECIFIC DENIALS

Plaintiff's claims are barred or limited, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

Plaintiff failed to comply with certain conditions precedent to the policy prior to filing this

Marutzky vs. Allstate
Defendants' Original Answer and Request for Disclosure
0535130892.1

Page 1 of 4

lawsuit.

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this answer.

## III.

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l).

If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

## IV.

Defendant, formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

## V.

## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

Marutzky vs. Allstate
Defendants' Original Answer and Request for Disclosure
0535130892.1

Page **2** of **4**

WHEREFORE, PREMISES CONSIDERED,  Defendant prays that the Plaintiff recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**KIMBERLY BLUM**
TBN:  24092148

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2812
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the

original of Defendant's Original Answer has been filed with the clerk of the court in writing, and a true and

correct copy of Defendant's Original Answer has been delivered to all interested parties on the 4th day of

September, 2019, to:

THE LANE LAW FIRM, PLLC
Robert C. Lane
State Bar No. 24046263
notifications@lanelaw.com
Joshua D. Gordon
State Bar No. 24091592
Joshua.gordon@lanelaw.corn
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
ATTORNEYS FOR PLAINTIFF                          *VIA E-SERVE*

**KIMBERLY BLUM**

RECEIVED AND FILED
FOR RECORD
09/04/2019 AT 10:00 A.M.
Melisa Miller, District Clerk
Montgomery County, Texas

**CAUSE NO. 19-08-11013**

| | | |
|---|---|---|
| CALEB MARUTZKY | § | IN THE DISTRICT COURT OF |
| vs. | § | MONTGOMERY COUNTY, TEXAS |
| ALLSTATE TEXAS LLOYD'S | § | 284TH JUDICIAL DISTRICT |

## DOCKET CONTROL ORDER

IT IS ORDERED that this **Docket Control Order** shall control the disposition of this matter; the Texas Rules of Civil Procedure shall control in computing any period of time not addressed within this Order; and any date that falls on a weekend or legal holiday (as determined by the Montgomery County Commissioners Court) shall be moved to the first business day thereafter. IT IS ORDERED THAT THE PLAINTIFF MUST IMMEDIATELY SEND A COPY OF THIS DOCKET CONTROL ORDER, BY A METHOD PRESCRIBED BY RULE 21a, TO EACH AND EVERY PARTY ANSWERING OR OTHERWISE APPEARING IN THIS CASE AFTER THE DATE THIS ORDER IS SIGNED.

1. **PLEADING DEADLINE:**                                    **150 DAYS BEFORE TRIAL**
   All amendments and supplements to pleadings must be filed by this date.

2. **EXPERT WITNESS DESIGNATION:**
   A list shall be filed which includes each expert's name, address, telephone number, the subject of the testimony, and the opinions that will be proffered by each expert. **Experts not listed in compliance with this paragraph will not be permitted to testify absent a showing of an exception under Rule 193.6.** A Rule 194 disclosure is not a substitute for this filed designation.
   (a)  **Parties seeking affirmative relief**              **150 DAYS BEFORE TRIAL**
   (b)  **All other parties**                               **120 DAYS BEFORE TRIAL**

3. **DISCOVERY RESPONSES:**                                 **90 DAYS BEFORE TRIAL**
   By no later than this date, all written discovery responses must be due, all responses and supplements must be completed, and all depositions must be completed, read, and signed.

4. **EXPERT CHALLENGE HEARINGS:**                           **75 DAYS BEFORE TRIAL**
   All challenges to expert witnesses must be set for a hearing to occur by this date. Failure to obtain such a hearing is a waiver of any Rule 702 objection.

5. **SUMMARY JUDGMENTS:**                                   **30 DAYS BEFORE TRIAL**
   All such motions shall be set for a submission docket which is no later than this date.

6. **MOTIONS FOR CONTINUANCE:**                             **15 DAYS BEFORE TRIAL**
   All motions for continuance of the Trial Date **must** be filed at least 15 days before the trial date, except in exigent circumstances, and will be considered by the Court without necessity of submission if they are agreed.

7. **JOINT NOTICE FILING:**                                 **14 DAYS BEFORE TRIAL**
   By this date, all parties must **jointly** file one notice with the Court, stating (1) Are you ready for trial?; (2) The estimated length of time for trial; (3) Whether there is a need for a Pre-Trial conference and why; and (4) Whether there are any special needs or accommodations for the presentation of the case. If there is a disagreement among the parties as to any of these items, the Joint Notice will state the positions of each of the parties. The Court will review any request for Pre-Trial conference and will notify the parties if the Court grants a

Pre-Trial conference. **THIS CASE MAY BE DISMISSED FOR WANT OF PROSECUTION ON OR AFTER THIS JOINT NOTICE FILING DATE IF NO JOINT NOTICE IS FILED WITH THE COURT.**

8.   **PRE-TRIAL MATERIALS:**                                    **14 DAYS BEFORE TRIAL**
     By no later than this date, all parties shall exchange with each other and file the following:
   a. **EXHIBIT LIST**. All exhibits to be offered at trial shall be pre-marked and identified by exhibit number on the list, with exhibits served on other parties, but not filed.
   b.   **WITNESS LIST.**        All witnesses who are anticipated to be called to testify at trial, including all experts shall be on the Witness List.
   c.   **DEPOSITION EXCERPTS.**  All deposition excerpts that may be offered at trial *in lieu* of live testimony shall be identified by specific designated pages and line numbers.
   d.   **MOTIONS *IN LIMINE*.**  Motions *In Limine* should be specific to the case.  The Court has a Standing Order *In Limine* which will be used for every trial.  Please do not duplicate the items which already appear in the standing Order *In Limine*.
   e.   **JURY CHARGE.**        If the trial is to a jury, a proposed jury charge shall be both filed and provided <u>via email</u> to the Court Coordinator in MS Word Format.
   f.   **FINDING OF FACT/CONCLUSIONS OF LAW.**  If the trial is to the bench, proposed findings of Fact and Conclusions of Law shall be both filed and provided <u>via email</u> to the Court Coordinator in MS Word Format.

9.   **PRE-TRIAL CONFERENCE**                                    **THURSDAY BEFORE TRIAL**
     The Court will set pre-trial conferences based on the Court's own motion or on request of the parties.   The Court will notice all Pre-Trial conferences.  Only those parties notified by the Court shall appear.

10.  **TRIAL**                                                   **MAY 04, 2020**

     This case is set for TRIAL on a two-week rolling docket beginning at 9:00 a.m. on the above date.  If the case is not assigned by the second Friday following this date, then the case will be reset.  **You are instructed to monitor the Court's website to determine at what date and time you are assigned to appear:**

     https://www.mctx.org/departments/departments_d_-_f/district_courts/284th_district_court/trial_line-up.php

     <u>All pre-trial matters will be heard on the Trial Date just before the trial begins, unless notified by the Court to appear at the Pre-Trial conference.  If the parties believe more than 1 hour will be needed, then please contact the Court Coordinator.</u>

     Prior to the commencement of trial on the morning of the Trial Date, the attorneys shall confer to identify those exhibits to which admissibility may be stipulated.  All exhibits which all parties agree to admit shall be admitted into evidence as a first order of business.

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOREGOING DATES AS CALCULATED FROM THE TRIAL DATE STATED HEREIN REMAIN THE APPLICABLE DEADLINES FOR THIS CASE EVEN IF THE TRIAL DATE IS RESET AND REGARDLESS OF THE REASON FOR ANY RESET.**

     **Signed on this the 4th day of September, 2019**



     **KRISTIN BAYS, JUDGE PRESIDING**
     **284th JUDICIAL DISTRICT COURT**

Emailed to:  notifications@lanelaw.com; houstonlegal@allstate.com

Emailed to:  notifications@lanelaw.com; houstonlegal@allstate.com